## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | |
|---|---|---|---|
| DATE | January 19, 2011 | ADVERSARY NO. | 11-A-96093 |
| CASE TITLE | Global Aircraft Solutions, Inc., *et al.*, Debtors<br><br>Forreston State Bank, Plaintiff<br><br>v.<br><br>Hamilton Aerospace Technologies, Inc., Defendant. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Defendant's Notice of Removal is stricken, the adversary proceeding in this Court is dismissed for lack of jurisdiction and the Defendant's Motion to Transfer Venue is denied as moot.

■[ For further details see text below.]

## MEMORANDUM OPINION

The Plaintiff, an Illinois banking corporation located in Illinois, filed a complaint in the District Court for the Northern District of Illinois on December 9, 2010, against the Defendant, Hamilton Aerospace Technologies, Inc. ("HAT" or the "Defendant"), a Delaware corporation located in Arizona, asserting diversity jurisdiction.[1] The Plaintiff alleges that it had a valid, perfected security interest in an airplane owned by the Leading Edge Group, LLC ("LEG"), and that its interest was damaged by the Defendant when the Defendant,

---

[1] The complaint was originally filed in the Eastern Division of the Northern District, but was transferred intradistrict to the Western Division on December 14, 2010, where the case was reassigned to Judge Reinhard and referred to Magistrate Judge Mahoney.

who had stored the airplane for LEG between 2006 and 2009, sold the airplane at a foreclosure sale on August 6, 2009, for back rent without notice to the Plaintiff and without paying any of the sale proceeds to the Plaintiff. The Plaintiff concedes in its Complaint that HAT was a debtor in a Chapter 11 bankruptcy pending in the District of Arizona at the time of the sale and that the sale was conducted by the Chapter 11 Trustee appointed to administer the case. HAT filed its bankruptcy petition on January 30, 2009, but the Plaintiff contends that, since the Defendant's Chapter 11 bankruptcy plan was confirmed on February 2, 2010, the Defendant is no longer a debtor-in-possession and the Arizona bankruptcy court no longer has continuing jurisdiction over the matter.

On January 12, 2010, the Defendant filed a Notice of Removal in the District Court and in this Court, purportedly pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure. The Defendant also filed a Motion to Transfer Venue with this Court, pursuant to 28 U.S.C. §§ 1404 and 1412 and Federal Rules of Bankruptcy Procedure 7087, asking that the Court transfer venue to the Bankruptcy Court for the District of Arizona, where the Defendant's bankruptcy case was filed and where the airplane had been stored and sold. However, because the Court finds that 28 U.S.C. § 1452(a) provides no authority to remove a case from a Federal District Court to a Federal Bankruptcy Court within that district, the Court finds that the Defendant's Notice of Removal was void and of no effect, and the Motion to Transfer Venue will be denied for lack of jurisdiction by this Court.

The large majority of courts interpreting Section 1452 have concluded that "there is no legal authority to support removal from a federal district court to a bankruptcy court." In re Sharif, 407 B.R. 316, 320 (Bankr. N.D. Ill. 2009) (Cox, J.); see also, Hamilton v. Am. Corrective Counseling Servs., Inc., No. 3:05-CV-434-RM, 2009 WL 973447 (N.D. Ind. Apr. 8, 2009); 1 Collier on Bankruptcy, ¶ 3.07[1], 3-66 (16th ed. Rev. 2010) (listing cases). Although one early opinion from the Bankruptcy Court for the Eastern District of Pennsylvania held that a civil case pending in a district court could be removed to a bankruptcy court by filing an application for removal, In re Philadelphia Gold Corp., 56 B.R. 87 (Bankr. E.D. Penn. 1985), that case has been later criticized, even in its own jurisdiction. See In re Cornell & Co., 203 B.R. 585, 586 (Bankr. E.D. Penn. 1997) (expressly disagreeing with the reasoning of Philadelphia Gold and noting that "no post-1984 amendment decisions concur with Philadelphia Gold on this point, while the dissents are plentiful"). Instead, most courts have cited Judge Wedoff's opinion in Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc., 101 B.R. 16 (Bankr. N.D. Ill. 1989) (Wedoff, J.), in which he noted that based on "the plain language of Section 1452," which provides for removal "to the _district court_ for the district where such civil action is pending," together with "the overall jurisdictional scheme of the 1984 amendments, it must be concluded that removal from the district court to the bankruptcy court is not permitted." 101 B.R. at 21 (emphasis added). Judge Wedoff also rejected the argument that the case had been transferred to the bankruptcy court through the operation of the District Court's local rule, now embodied in Internal Operating Procedure 15, providing for the automatic referral of proceedings arising in or related to a bankruptcy case to the bankruptcy judges in the district. Id. at 21-22. To read Section 1452 and IOP 15 to permit "removal" of a case from the district court to the bankruptcy court through a simple notice of removal filed with the bankruptcy court could result in a case which had been pending for a significant amount of time in the district court and which was not originally 'related to' a bankruptcy court to be later yanked down to the bankruptcy court without any notice to the district court. This

could jeopardize the district court's referral authority regarding bankruptcy matters, undermine the district court's authority to withdraw cases from the bankruptcy courts, and undermine the district court's power of appellate review of judgments, orders and decrees of bankruptcy courts. In re Sharif, 407 B.R. 316, 320 (Bankr. N.D. Ill. 2009).

Instead, the proper method for a party to bring a matter that has been pending in the district court into the bankruptcy court is for that party to make a motion before the district court for a directed reference. Thomas Steel, 101 B.R. at 22. This procedure assures that the district judge who has been presiding over the case, and who in this case may also be in a better position to decide whether a transfer of venue to Arizona is appropriate, makes the choice whether to retain or refer the case. Id.

Accordingly, this Court will enter an order dismissing this proceeding for lack of jurisdiction, dismissing the pending motions as moot, and directing the parties to proceed further before the district court.

January 19, 2011

Judge Manuel Barbosa

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re Global Aircraft Solutions, Inc., et al.,<br>Debtors. | Bankruptcy No. 4-09-bk-01655-JAM (United States Bankruptcy Court for the District of Arizona) |
| Forreston State Bank,<br>Plaintiff.<br>v.<br>Hamilton Aerospace Technologies, Inc.,<br>Defendant. | Adversary No. 11-A-96093 (Removal from United States District Court for the Northern District of Illinois (Western Division) Case 10-cv-07817)<br><br>Chapter 11<br>Judge Manuel Barbosa |

## ORDER

For the reasons stated in the Memorandum Opinion entered this day, IT IS HEREBY ORDERED that:

1. The Notice of Removal filed by the Defendant is stricken.

2. This adversary proceeding is dismissed for lack of jurisdiction.

3. The Defendant's Motion to Transfer Venue and all other pending motions in this adversary are denied as moot.

DATE: January 19, 2011

The Honorable Manuel Barbosa
United States Bankruptcy Judge